

**MEHLER LAW** PLLC

747 Third Avenue ✦ 32nd Floor ✦ New York, NY 10017-2803

January 24, 2021

**BY ECF**

The Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Keith Levy*, 1-20-cr-87 (EDNY) (RPK)

Dear Judge Kovner:

We write briefly, as we have done before every significant court appearance in this case, in order to update and orient the Court. We are scheduled to "appear" for a status conference next Wednesday, January 27th.

In terms of an overall update, stagnation has continued to be the order of the day due to the pandemic. The trial schedule was aborted; the Court will continue to be shut down through the end of February, and our client, Keith Levy, continues to rot in pretrial detention where he has languished for just under one year. While long-term crooks like Michael Cohen are home on furlough, dining al fresco on Madison Avenue, Keith Levy is locked down most of the time in utter misery. (It's no wonder he can get a little cantankerous.) While people with money and friends in high places like Lil Wayne won't have to contemplate Covid-19 in prison if convicted on a 10-year gun charge, Keith Levy is on tenterhooks because he has no money and influence and, thus, at any time, might become the next of many thousands of Covid prison dead and injured.

In terms of orientation, Mr. Levy continues to assert all of the Fifth and Sixth Amendment rights he has raised many times: speedy trial, effective assistance of counsel, due process, etc., but there have been some new facts on the ground since our last conference.

Tel: (212) 661-2414 ✦ Fax: (212) 661-8761 ✦ E-mail: gmehler@mehlerlaw.com ✦ Website: www.mehlerlaw.com

First, on February 10th Mr. Levy will have been detained for more than one year, and New York State's parole hold on him is scheduled to be lifted. This means that, for the first time, an order of temporary release to the custody of his sister in order to dramatically enhance trial preparation in this case will not be stymied by any state detainer.

Second, after our last conference, AUSA Andrew Wang, upon our request, obtained updated MDC medical records for our client, and there we saw for the first time an official government diagnosis of bipolar disorder. (This was news to AUSA Wang too). We have since filed the required notice under Fed. R. Crim. P. 12.2 to leave open the possibility of formally using mental health evidence. Right now, we are leaning against that for a variety of carefully considered reasons (for one, the last threat case trial in this district resulted in the acquittal of a disturbed defendant who threatened to kill his professor, without the formal introduction of any expert mental health testimony). But we will be asking the Court to consider appointing a psychiatric expert suggested to us by the Federal Defenders Services. This will allow us to more fully evaluate our options. The criminal Justice Act provides for the appointment of "investigative, expert or other services necessary for adequate representation." 18 U.S.C. § 3006A(e)(1).

Third, and finally, we are proposing that the Court set a new trial date, and like Judge Crotty in *United States v. Chandler,* 2020 U.S. Dist. LEXIS 56240 (S.D.N.Y. March 20, 2020), temporarily release Mr. Levy pursuant to 18 U.S.C. § 3142(i) under very tight bail conditions that we will attempt to work out with AUSA Wang.

In sum, if this threat did not involve a government official, the Guidelines of 6-12 months would mean that Mr. Levy will have served an entire sentence even without being convicted. Because of the government-official enhancement, the estimated range climbed to 21-27 months. But even in the event of a conviction, we will argue: 1) that it would be cruel to treat the year Mr. Levy has served as if it were a regular year and not the double punishment it has been; and 2) that Mr. Levy's serious psychiatric difficulties further militate in favor of leniency.

For these reasons, we respectfully request that the Court: a) set a new trial date; b) consider appointing a CJA-funded mental health expert to work with the defense team; and c) temporarily release Mr. Levy before trial under 18 U.S.C. § 3142(i) under very strict bail conditions to be worked out between the parties.

Respectfully yours,

*/s/ Gordon Mehler*
Mehler Law PLLC
747 Third Avenue, 32nd Floor
New York, NY 10017

*/s/ Christopher D. Wright*

305 Broadway
Suite 1001
New York, New York 10007

*Attorneys for Defendant Keith Levy*

cc:      AUSA Andrew Wang (by ECF)

Tel: (212) 661-2414  ✦  Fax: (212) 661-8761  ✦  E-mail: gmehler@mehlerlaw.com  ✦  Website: www.mehlerlaw.com