

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MEB:ADW
F. #2020R00142

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 12, 2021

<u>By ECF and E-mail</u>

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Keith Levy</u>
     <u>Criminal Docket No. 20-87 (RPK)</u>

Dear Judge Kovner:

  The government respectfully writes to object to the defendant's 45 supplemental voir dire requests submitted on March 8, 2021 (ECF No. 65) in connection with trial of this matter, which is scheduled for April 12, 2021.  For the reasons discussed below, the defendant's supplemental requests are excessive and unnecessary.  Accordingly, the Court should deny all of the defendant's supplemental voir dire requests.

  On February 19, 2021, the Court ordered that the parties submit proposed jury instructions and questions for voir dire by March 8, 2021.  The parties subsequently conferred and reached agreement on joint submissions, except to the extent noted therein.  On March 8, 2021, the government filed proposed jury instructions and proposed voir dire questions, on behalf of both parties.  <u>See</u> ECF Nos. 63 and 64.  The joint voir dire submission included four questions relating to COVID-19, including inquiries regarding jurors' willingness to abide by safety protocols and ability to fully deliberate and not return a verdict quickly due to the pandemic.[1]  The joint voir dire submission also included questions relating to prior contacts with law enforcement and experience with threats and firearm-related violence.

  On the evening of March 8, 2021, the defendant filed separate, supplemental voir dire requests.  <u>See</u> ECF No. 65.  The defendant's separate voir dire submission included 45

---

[1] The government understands that these four questions are substantively similar to the same questions that the Court included in its voir dire for the jury trial held in <u>United States v. Alonzo Shipp</u>, Case No. 19-cr-29 (RPK).

supplemental questions, as well as a proposed instruction relating to implicit bias.[2] The defendant's additional proposed questions included 33 questions relating to COVID-19 and a dozen questions relating to potential jurors' impressions of the defendant, sources of information, affiliations with the criminal justice system, testimony from law enforcement and the duties of a juror. While defense counsel had previously discussed the additional 33 questions relating to COVID-19 with the government, defense counsel never indicated that they would submit them to the Court. In addition, defense counsel did not convey to the government that defense counsel intended to submit the additional, separate voir dire requests or the proposed implicit bias instruction.

"District courts have ample discretion in determining how best to conduct voir dire." Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981); see also United States v. Lawes, 292 F.3d 123, 128 (2d Cir. 2002) ("Voir dire is necessarily a matter in which the trial court has extremely broad discretion [. . . and] federal trial judges are not required to ask every question that counsel—even all counsel—believes is appropriate."). A trial court's conduct of voir dire shall not be disturbed on appeal absent a "clear" abuse of discretion. See United States v. Treacy, 639 F.3d 32, 46 (2d. Cir. 2011). Reversal for insufficient voir dire is generally limited to situations where the record as a whole shows one of the following:

> (i) a voir dire so demonstrably brief and lacking in substance as to afford counsel too little information even to draw any conclusions about a potential juror's general outlook, experience, communication skills or lifestyle; (ii) a failure to inquire about, or warn against, a systemic or pervasive bias, including one that may be short-lived but existent at the time of trial, in the community that would have been cured by asking a question posed by a party; or (iii) a record viewed in its entirety suggesting a substantial possibility that a jury misunderstood its duty to weigh certain evidence fairly that would have been clarified by asking a requested voir dire question . . . .

Id. (citation omitted).

The proposed questions in the parties' joint voir dire submission, in combination with the Court's standard inquiries, will adequately provide the Court and the parties with enough information to meaningfully participate in jury selection. With respect to the first category listed above, the parties' joint requests for questions regarding COVID-19, the charged crime and law enforcement will allow the parties to draw conclusions "about a potential juror's general outlook, experience, communication skills or lifestyle." Id. The defendant's unilateral additional requests, on the other hand, are largely redundant and in some cases irrelevant. For example, the defendant asks the Court to inquire not only into willingness to abide by social distancing and masking rules (which were included in the joint submission), but also into

---

[2] Notably, the defendant's separate voir dire requests appear to be substantively identical to those submitted by the defendant in United States v. Alonzo Shipp, Case No. 19-cr-29 (RPK) at ECF No. 78.

whether a potential juror feels compelled to confront other persons in stores who do not maintain six feet of distance. See ECF No. 65 at 3 ("If you are in a store and a person is not standing 6 feet away from you, what, if anything, do you say or do?"). The Court does not need to ask potential jurors nearly four dozen extra questions regarding already covered topics to satisfy the requirements of voir dire.[3]

Finally, as to the defendant's request to include an instruction on implicit bias, the government is aware of no authority that requires such an instruction during voir dire. See also United States v. Mercado-Gracia, No. 19-2153, 2021 WL 786970, at *8 (10th Cir. Mar. 2, 2021) (affirming trial court's decision to not play a video on implicit bias during voir dire and noting that the appellant "cites no authority requiring a trial court to educate prospective jurors about implicit biases"). Furthermore, none of the other questions in the defendant's separate voir dire addresses the categories listed in his proposed implicit bias instruction (i.e., race, religious beliefs, etc.). Therefore, to the extent this instruction is meant to encourage potential jurors to answer other voir dire questions in a more meaningful manner, it is of dubious value and indeed may confuse the jury.

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's supplemental voir dire requests in their entirety.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By: /s/ Andrew Wang
Andrew Wang
Assistant U.S. Attorney
(718) 254-6311

cc: Clerk of Court (RPK) (By ECF)
Defense Counsel (By Email)

---

[3] The government submits that based on the record currently before the Court, there is no reason to believe that the other two categories of potential voir dire error would apply to this case. No party has suggested that a possible systemic or pervasive bias exists in the community that could affect the trial. And to the extent the defendant may be concerned of any communal bias against individuals with criminal convictions, the parties' joint voir dire submission included a question regarding application of the presumption of innocence as to such persons. Moreover, the Court's standard voir dire and the parties' joint submission together would avoid any "substantial possibility that a jury misunderstood its duty to weigh certain evidence fairly that would have been clarified by asking a requested voir dire question." Treacy, 639 F.3d at 46.