

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MEB:ADW
F. #2020R00142

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 1, 2021

By ECF and E-mail

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Keith Levy
      Criminal Docket No. 20-87 (RPK)

Dear Judge Kovner:

  The government respectfully submits this letter in advance of the trial scheduled for April 12, 2021 in the above-referenced matter to: (1) provide notice to the Court and the defendant, consistent with its obligations under Giglio v. United States, 405 U.S. 150 (1972), of certain materials relating to witnesses the government may call at the trial; and (2) move to preclude the defendant from cross-examining the witnesses about this material.  The government does not concede the relevance, materiality or admissibility of the enclosed information, but provides it in an abundance of caution.

I. The Government's Witnesses

  At the trial, the government may call as witnesses one or more of the following Department of Corrections and Community Supervision ("DOCCS") officers: Senior Parole Officer Denise Granum and Parole Officer Suzette Moncrieffe.

  A. Senior Parole Officer Denise Granum

  The government is aware that Senior Parole Officer Denise Granum was named as a defendant in the following civil lawsuits:

  Lawrence Hayes v. Parole Officer Lisa Brown et al., 04-CV-2342 (E.D.N.Y.), in which the pro se complaint alleged that Officer Granum and another parole officer ignored the plaintiff's requests for medical assistance in connection with his arrest on a parole warrant, in violation of the plaintiff's constitutional rights.  The court subsequently dismissed the complaint

1

without prejudice for failure to prosecute. The government is not aware of any findings of liability or wrongdoing against Officer Granum in connection with the foregoing litigation.

      Seth Ritchie v. Glenda Bubb et al., 11-CV-1185 (E.D.N.Y.), in which the pro se complaint alleged that Officer Granum and multiple other DOCCS employees retaliated against him for submitting complaints to the DOCCS by e-mail, in violation of the plaintiff's constitutional rights. The parties later settled the litigation and agreed to dismiss all claims with prejudice. The government is not aware of any findings of liability or wrongdoing against Officer Granum in connection with the foregoing litigation.

      Dwayne Singleton v. Jane Doe et al., 14-CV-303 (E.D.N.Y.), in which the pro se complaint alleged that Officer Granum and two other defendants falsely accused him of a sex offense, required him to take a sex offender program and confiscated his cell phone, in violation of his constitutional rights. The court subsequently granted partial summary judgment in favor of the defendants, dismissing the plaintiff's claims for money damages and injunctive relief from the sex offender program. The government understands that the court later dismissed the plaintiff's remaining claims as moot. The government is not aware of any findings of liability or wrongdoing against Officer Granum in connection with the foregoing litigation.

      Equan Yunus v. Andrew Cuomo et al., 17-CV-5839 (S.D.N.Y.), in which the complaint alleged that Officer Granum and various other state officials unlawfully designated him as a sex offender and imposed related parole conditions, in violation of the plaintiff's constitutional rights. The parties later settled the litigation and agreed to dismiss all claims with prejudice. The government is not aware of any findings of liability or wrongdoing against Officer Granum in connection with the foregoing litigation.

      B.     Parole Officer Suzette Moncrieffe

      The government is aware that Parole Officer Suzette Moncrieffe was named as a defendant in one civil lawsuit. In Deborah Graham et al. v. John Mattingly et al., 05-CV-7413 (S.D.N.Y.), the complaint alleged that Officer Moncrieffe – while she was employed as a caseworker for the New York City Administration for Children's Services – and others unlawfully removed children from the care of an adult plaintiff, violating the plaintiffs' constitutional rights and rights under New York law. The government understands that the litigation eventually proceeded to trial, where the jury found in favor of the defendants. The government also understands that the court denied a post-trial motion for judgment as a matter of law and dismissed the complaint. The government is not aware of any findings of liability or wrongdoing against Officer Moncrieffe in connection with the foregoing litigation.

II.    Motion to Preclude

      For the reasons set forth below, the government respectfully moves to preclude the defendant from cross-examining the potential witnesses about the information discussed above.

A.    Legal Standard

"The Confrontation Clause guarantees defendants the right to cross-examine government witnesses in order to test their truthfulness and discredit the witnesses by revealing the witnesses' 'possible biases, prejudices, or ulterior motives' in relation to 'the case at hand.'" United States v. Brown, No. 07-CR-874 (KAM), 2009 WL 497606, at *2 (E.D.N.Y. Feb. 26, 2009) (quoting United States v. Figueroa, 548 F.3d 222, 227 (2d Cir. 2008)).  Nothing in the Confrontation Clause, however, prohibits the district court from exercising its broad discretion to "impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, . . . or interrogation that is . . . only marginally relevant."  Id. (quoting Figueroa, 548 F.3d at 227).

Rule 608(b) of the Federal Rules of Evidence provides that "the court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness."  Fed. R. Evid. 608(b).  Thus, Rule 608 permits cross-examination concerning specific instances of conduct, if at all, only insofar as the conduct in question is "probative of truthfulness or untruthfulness." United States v. Flaharty, 295 F.3d 182, 191–92 (2d Cir. 2002).  Even then, inquiry into specific instances of conduct may be further curtailed in order to "protect [a] witness from harassment or undue embarrassment," Fed. R. Evid. 611(a)(3), or where the "probative value" of such evidence "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, . . . undue delay, [or] waste of time," Fed. R. Evid. 403; see United States v. James, 712 F.3d 79, 102 (2d Cir. 2013) ("[A] district court may impose reasonable limits on cross-examination to protect against, e.g., harassment, prejudice, confusion, and waste."); United States v. Lawes, 292 F.3d 123, 131–32 (2d Cir. 2002) (affirming district court's preclusion of cross-examination on a prior adverse credibility finding against a law enforcement officer by CCRB because "proposed cross-examination was of little, if any, plausible relevance to [officer's] credibility" regarding officer's "motivation to lie about the circumstances of [defendant's] arrest in the present case").

Thus, when considering whether to allow inquiry on cross-examination into specific instances of conduct that the Court finds probative of truthfulness, the Court must conduct a Rule 403 balancing test and adhere to the restrictions of Rule 611.  See Brown, 2009 WL 497606, at *4.  Moreover, pursuant to Rule 608(b), extrinsic evidence of a witness's prior conduct may not be admitted to attack his truthfulness.  United States v. Peterson, 808 F.2d 969, 973-74 (2d Cir. 1987); Brown, 2009 WL 497606, at *3.

B.    Application

> The Defendant Should Be Precluded from Cross-Examining Witnesses
> Regarding Civil Lawsuits

The Court should preclude defense counsel from cross-examining the government's proposed witnesses about the civil lawsuits to which they were parties, none of which concerned matters related to the instant case and none of which resulted in a finding of liability or adverse credibility.  It is well-settled that unsubstantiated allegations in a complaint against a witness have no probative value regarding the witness's character for truthfulness.  See

United States v. Dekattu, No. 18-CR-474 (ARR), 2019 WL 885620, at *1 (E.D.N.Y. Feb. 22, 2019) (precluding cross-examination of police officer about allegations in civil lawsuit where lawsuit did not include any findings of fact or credibility); United States v. Ahmed, No. 14-CR-277 (DLI), 2016 WL 3647686, at *3 (E.D.N.Y. July 1, 2016) (precluding cross-examination of government witnesses about prior civil lawsuits because "[t]he Court does not consider the existence of a complaint containing unproven allegations . . . probative of the witness' truthfulness."); Saldarriaga v. United States, No. 99-CV-4487, 2002 WL 449651 (WK), at *4 (S.D.N.Y. Mar. 21, 2002) ("Unsubstantiated civil rights allegations made against [a detective] . . . have no bearing on his character for truthfulness." (internal quotation marks omitted)).

Accordingly, the mere fact that the witnesses were named as defendants in the civil lawsuits is not a proper subject of cross-examination for impeachment under Federal Rule of Evidence 608(b). Cross-examination as to these lawsuits should also be precluded under Federal Rule of Evidence 403 because the scant probative value—if any—of unsubstantiated complaints by parties seeking financial gain from their accusations is substantially outweighed by the complaints' danger of unfair prejudice and likelihood to cause confusion of the issues, undue delay and waste of time.

III.   Conclusion

For the reasons stated above, the government respectfully requests that the Court preclude the defendant from cross-examining these potential government witnesses about any of the matters discussed above.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:   /s/
Andrew Wang
Assistant U.S. Attorney
(718) 254-6311

cc:   Clerk of the Court (RPK) (by ECF)
Defense Counsel (by email)