**WL| Wright Law, LLP**
**ATTORNEY AT LAW**

---

**305 BROADWAY, SUITE 1001,**
**NEW YORK, NY 10007**
**OFFICE (212) 822-1419 • FACSIMILE (212) 822-1463**
chris@wrightmarinelli.com
www.wrightlaw.nyc

April 8, 2021

**By ECF**
The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 1201

Re:  *United States v. Keith Levy*, 20-CR-87 (RPK)

Dear Judge Kovner:

We write in response to the government's motion *in limine* to restrict impeachment of parole officers who are expected to testify at the trial of Mr. Levy next week. *See* ECF No. 74 ("Govt. Mot."). In its motion the government disclosed four lawsuits filed against Senior Parole Officer ("SPO") Denise Granum and one lawsuit filed against Parole Officer Suzette Moncrieffe. The cases revealed specific incidents of dishonest behavior and misconduct. Pursuant to Fed. R. Evid. 608(b), the defense seeks to cross-examine SPO Granum on instances of alleged misconduct as discussed below.

We further write concerning an unresolved matter from the Court's pretrial conference held on Monday, April 5, 202,1 and to make a record on the very late delivery of Section 3500 material to our client.

**Cross of Senior Parole Officer Denise Granum**

The defense seeks to cross-examine SPO Granum about the factual allegations of misconduct and dishonesty alleged in the following two civil lawsuits: *Lawrence Hayes v.*

*Parole Officer Lisa Brown et al.*, 04-CV-2342 (E.D.N.Y.) and *Seth Ritchie v. Glenda Bubb et al.*, 11-CV-1185 (E.D.N.Y.).

The *Hayes* plaintiff alleged in his civil complaint that SPO Granum arrested him on a parole warrant while he was in a distressed medical condition, and ignored his pleas for medical attention. *Hayes* at ECF No. 39. Hayes was in obviously serious physical pain, falling in and out of consciousness, and when an NYPD Police Officer suggested SPO Granum get the plaintiff medical treatment, she stated "I am not taking him to a hospital, we can take him to Rikers Island []" *Id.* Her alleged lack of integrity in trying to fool prison authorities into taking a person into the prison system when, if she were honest and caring, she would have been upfront about this person's immediate medical needs fits within the contours of Fed. R. Evid. 608 (b).

The plaintiff in *Seth Richie*, who was a parolee, sent emails to the New York State Department of Corrections and Community Supervision (Parole) main office in Albany, NY, complaining about treatment he received from SPO Granum and other parole officers. *Richie*, ECF No. 1 at 2-4. He alleged that, because of those complaints, SPO Granum unlawfully arrested him and stated to him "Mr. Richie, since you like sending emails to Albany, we are now violating you, turn around and put your hands up." *Id.* Mr. Richie was arrested and detained on Rikers Island for a period of time. *Id.*

Here, by offering SPO Granum's testimony, the government is asking the jury to credit her integrity, and that her reaction to Keith Levy's words is truthful under the circumstances rather than an exaggeration. Instances where SPO Granum allegedly engaged in dishonesty and showed a lack of integrity are highly probative of her inclination to retaliate dishonestly. When Mr. Levy successfully had a Parole warrant lifted on due process grounds, the SPO found a dishonest way to exaggerate his words in order to lock him up again.

The defense only seeks to inquire about the factual allegations contained in the above two civil lawsuits (not all four lawsuits against her), and would not seek to inquire as to the actual lawsuits themselves nor would we inquire about the fact that SPO Granum was sued. That should alleviate the government's concerns about possible unfair prejudice that might arise if the jury heard SPO Granum were named as a defendant in a civil lawsuit. Accordingly, the Court should allow the defense to cross-examine SPO Granum about the underlying facts contained in the *Hayes* and *Richie*.

### Clarification of One of Monday's Pretrial Rulings

The Court has yet to issue its written pretrial rulings, but at our final status conference this past Monday, April 5th, the Court indicated that it would allow reference to a 2010 shooting of a parole officer.

We believe the prosecution will seek to elicit testimony from one or more parole officers beyond Officer Granum on their reaction to Mr. Levy's words and also refer again to the 2010 shooting. This would violate Fed. R. Evid. 403's careful balancing test, especially given the way such testimony by other parole officers beyond Officer Granum is not only needlessly prejudicial

and cumulative, it is also, more importantly, rank lay opinion testimony in violation of Fed. R. Evid. 701.

The opinion testimony of witnesses who were <u>not</u> the target of the alleged threat is wholly irrelevant. The prosecution tried the same tactic to no avail in Judge Matsumoto's trial, *United States v. Segui*, 19 CRM-188 (KAM), to which we have referred repeatedly. There, the prosecutor asked not only one Professor Durbin, who had been the named victim of the "threatening" e-mail in that case, but also one Dean Stapleton at the school (Tr. 393) about the alleged threat. After reading the e-mail that referred to "tying you down and cutting off your [the professor's] finger" the prosecution asked the dean: "What was your reaction to this e-mail?" After an objection and a sidebar (the transcript volume containing the exchanges is attached as Exhibit A), Judge Matsumoto disallowed it as follows:

> THE COURT: *The jury is instructed to disregard [Dean] Stapleton's testimony regarding her own feeling or reactions, her own perceptions, about what was stated in this e-mail. So, hit the delete button, and we'll carry on with her testimony* (Tr. 406) (emphasis supplied).

Judge Matsumoto's reasoning was based on the common sense conclusion that how the non-threatened dean "felt and whether she perceived this as a threat would be irrelevant[,] and that she doesn't have any "elevated ability to testify as some sort of expert". (Tr. 399)

Here, the case for disallowing the reaction of any junior parole officers is stronger than in the *Segui* trial. Not only are they not identified as victims, in *Segui* arguably the dean *was* a victim (albeit not named in the indictment) because the defendant was angry at both the professor and the entire school for his academic failings. As Judge Matsumoto put it: '[Segui was] calling her out directly." (Tr. 398). The complaint, the indictment and indeed the entire theory of the government's case is that there was just one target: SPO Granum. The Court should bar witnesses, other than SPO Granum, in opining as lay witnesses on how they interpreted Mr. Levy's words and what they knew about the 2010 shooting.

### **Very Late Delivery of 3500 Material**

Following our emergency motion late last night (ECF No. 83), lo and behold, the 3500 material that had been languishing in the MDC "warehouse" for over one week despite being sent for overnight delivery, was suddenly delivered to Mr. Levy this morning. Gordon Mehler had a pre-arranged two- hour trial preparation call this morning, but was not able to take full advantage of Mr. Levy's review of the material because he had just received it. The undersigned held an additional, one-hour in-person meeting with Mr. Levy shortly thereafter, and the situation was the same. In effect, because of the MDC's lack of diligence, we face a prejudicial situation where Mr. Levy

now has barely one business day (instead of more than one week) with this material prior to the start of jury selection.  We object.

                                    Sincerely,

                                    */s/ Gordon Mehler*
                                    Mehler Law PLLC
                                    747 Third Avenue, 32nd Floor
                                    New York, NY 10017

                                    */s/ Christopher D. Wright*
                                    305 Broadway
                                    Suite 1001
                                    New York, New York 10007

                                    *Attorneys for Defendant Keith Levy*

cc: Andrew Wang, AUSA (by ECF)